IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Sean Edinger, an individual,

    Plaintiff.

v.

Avenue Grill, Inc., A Colorado corporation,

    Defendant.

_____

**COMPLAINT AND REQUEST FOR JURY TRIAL**
_____

Sean Edinger, by and through his counsel, Thomas Mitchiner, Mitchiner Law LLC, asserts the following allegations and claims against the Defendant, Avenue Grill, Inc. [Defendant or Avenue Grill].

## INTRODUCTION

This is an employment discrimination case arising from the Defendant's intentional discriminatory treatment of Mr. Edinger, based on disability, in violation of Americans with Disabilities Act of 1990, the American with Disabilities Amendments Act of 2008, as amended, 42 U.S.C. § 12112 [ADA] and the Colorado Anti-Discrimination Act, C.R.S. § 24-34-402 [CADA].

At all times in issue, Edinger was fully capable of performing his duties with Avenue Grill.

## I. PARTIES

1. Sean Edinger [Edinger] is a disabled male, United States citizen, and resident of Colorado.

2. Avenue Grill is a Colorado corporation operating in Colorado with offices in Colorado.

3. Edinger resides in Colorado, and he worked for the Defendant, within the judicial district of this Court.

4. The Defendant conducts business within the judicial district of this Court.

5. The Defendant employs more than 15 persons.

## II. JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to Americans with Disabilities Act of 1990, the American with Disabilities Amendments Act of 2008, as amended, 42 U.S.C. § 12117(a).

7. At all times material herein, Edinger was an employee of Defendant, as defined by the ADA, and Defendant was an employer as defined by the ADA.

8. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3) (4), and 42 U.S.C. § 12117(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (c) and 42 U.S.C. § 12117(a).

## III. ADMINISTRATIVE PROCEDURES

10. Prior to filing this action, Edinger timely, properly, and lawfully exhausted all required administrative procedures and remedies.

11. Edinger filed a timely charge of unlawful disability discrimination and retaliation, actions in violation of the ADA, with the United States Equal Employment Opportunity Commission [EEOC]. [EEOC Charge No. 541-2019-02590].

12. On July 22, 2020, the EEOC mailed a Notice of Right to Sue letter to Edinger.

13. This action is timely filed because it is filed within ninety days of Edinger's receipt of the Notice of Right to sue letter issued by the EEOC and CCRD.

## IV.   NATURE OF THE CASE

14. This action seeks legal and equitable relief for Defendant's intentional and unlawful disability discrimination against Edinger, actions in violation of the ADA.

## V.   GENERAL ALLEGATIONS

15. Edinger suffers from Post-Traumatic Stress Disorder [PTSD].

16. Edinger regularly receives treatment for his PTSD in the form of counseling and medication.

17. Edinger's PTSD effects major life activities, such as being in crowds and confined to tight spaces.

18. Edinger's PTSD causes him more difficulties than the average population in handling crowds and tight spaces.

19. Edinger applied for a Morning Server position with Avenue Grill in the spring of 2018.

20. During the interview process Edinger informed Avenue Grill of his PTSD and the difficulties it caused for him.

21. On or about June 4, 2018 Avenue Grill hired Edinger to work as a Morning Server.

22. Edinger had intended to work five days a week as a Morning Server.

23. Avenue Grill without informing Edinger intended for him to work a few days a week as a Morning Server and a few days a week as a Morning Bartender.

24. On or about July 6, 2018, Edinger again informed Avenue Grill of his PTSD and how being a Morning Bartender in tight spaces caused him anxiety.

25. Edinger requested that Avenue Grill not schedule him as a Morning Bartender as a reasonable accommodation for his disability.

26. Avenue Grill agreed, but subsequently significantly reduced Edinger's hours.

27. Avenue Grill told Edinger that his shifts were reduced because other service had worked for it for longer than he had.

28. On July 15, 2020 Edinger failed to show up for one shift because of a miss communication with the schedule.

29. At the time the General Manager provided Edinger with a warning and told him that "work was not fun anymore cause now I have to document everything you do."

30. Upon information and belief Avenue Grill did not discipline employees not of Edinger's protected class for missing one shift.

31. However, on July 16, 2018, Avenue Grill hired, Peter [Last Name Unknown] an individual not of Edinger's protected class as a Morning Bartender.

4

32. In order for Peter to receive five shifts a week Avenue Grill scheduled Peter to work shifts as a Morning Server.

33. Peter received these shifts that Edinger could have worked.

34. From July 2018 through January 2019 Edinger continued to receive only a few shifts each week.

35. In early January 2019 Edinger became very sick.

36. As a result of his illness Edinger missed a work shift on or about January 6, 2019.

37. Edinger did not call Avenue Grill to inform him that he would miss his shift thus Avenue Grill considered him a no call/no show.

38. Avenue Grill has a policy that a no call/no show is grounds for immediate termination.

39. Later that evening around 8:30 pm Edinger called Avenue Grill to inform them of his illness.

40. Avenue Grill told Edinger that in order to return to work on January 9, 2019, he would need to present it with a doctor's note.

41. On January 7, 2019, Edinger went to Urgent Care and received a doctor's note regarding the illness that caused him to miss his shift on January 6, 2019.

42. On January 9, 2019 Avenue Grill before the start of his shift terminated Edinger for being a no call/no show on January 6, 2019.

43. Avenue Grill does have a policy stating that a no call/no show is ground for immediate termination, but it did not apply that policy evenly.

44. Avenue Grill did not terminate a Server named Janelle [Last Name Unknown] when she was a no call/no show and did not require Janelle to obtain a doctor's note in order to return to work.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM

### [ADA – Disability Discrimination]

45. Edinger incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

46. The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

47. The ADA prohibits the Avenue Grill from discriminating against Edinger: (1) with respect to his compensation, terms, conditions, or privileges of employment, because of his disability and/or (2) by limiting, segregating, or classifying him in any way, which would deprive, or tend to deprive him of employment opportunities, or otherwise adversely affect his status as an employee, because of his disability.

48. Edinger is a member of the ADA protected class.

49. Edinger has a disability pursuant to the ADA. 42 U.S.C. § 12101(1)(A).

50. Edinger has a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12101(2) (A).

51. Edinger's mental and physical impairments substantially impact one or more of his life activities because his PTSD causes him extreme anxiety when placed in a confined space. 42 U.S.C. § 12102(2)(B).

52. At all times at issue herein, Edinger is a "qualified individual" under the ADA.

53. Edinger is an individual who, with or without reasonable accommodation: (1) could perform the essential functions of the employment positions he held with the Avenue Grill. 42 U.S.C. § 12111(8); and (2) possesses the requisite skill, experience, education and other job-related requirements of the employment positions he held with the Avenue Grill.

54. Avenue Grill engaged in unlawful, direct, and intentional disability discrimination against Edinger because of his disability. Avenue Grill discharged Edinger because of his protected disability status under the ADA.

55. Avenue Grill discriminated against Edinger (1) with respect to his compensation, terms, conditions, or privileges of employment, because of his disability; and/or (2) by limiting, segregating, or classifying him in any way, which would deprive, or tend to deprive him of employment opportunities, or otherwise adversely affect his status as an employee, because of his disability.

56. Avenue Grill's unlawful, intentional disability discrimination was created, perpetrated, and/or tolerated by the Avenue Grill's officials and managers, all having specific knowledge, or reason to know, of the discriminatory actions set forth herein.

57. Avenue Grill's treatment of Edinger constitutes willful, intentional, unlawful disability discrimination, in violation of the ADA.

## SECOND CLAIM

### [ADA Disability Discrimination – Regarded as Disabled]

58. Edinger incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

59. The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

60. The ADA's definition of disability and discrimination includes discrimination against a person based on the person being **regarded as** having a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12101(2)(A).

61. An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he has been subjected to an action prohibited by the ADA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

62. At all times in issue, Edinger was capable of performing, and did perform, his duties successfully.

63. Edinger has a disability under the ADA, and Avenue Grill regarded him as disabled.

64. Edinger was in the protected class under the ADA.

65. Avenue Grill violated the ADA by taking adverse actions against Edinger, including limiting and segregating or classifying him in a way that adversely affected his

opportunities and status within Avenue Grill, his discharge from employment, and the terms and conditions of his employment, based on his protected status under the ADA.

66. Avenue Grill engaged in willful, intentional, unlawful disability discrimination against Edinger based on Avenue Grill's regarding Edinger having a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12101(2) (A).

### THIRD CLAIM
### [ADA Disability Discrimination – Record of Disability]

67. Edinger incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

68. The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

69. The ADA's definition of disability and discrimination includes discrimination against a person based on the person's **record of** having a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12101(2) (A).

70. As previously set forth in this complaint, Edinger has a record of mental and/or physical impairments which substantially impact one or more of major life activities. 42 U.S.C. § 12102(2)(B).

71. At all times at issue herein, Edinger was a "qualified individual" under the ADA. Specifically, Edinger was as an individual who, with or without reasonable

accommodation, could perform the essential functions of the employment positions he held with Avenue Grill. 42 U.S.C. § 12111(8).

72.     Avenue Grill engaged in willful, intentional, unlawful disability discrimination against Edinger, including but not limited to discriminating against Edinger based on his record of a disability.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Sean Edinger respectfully requests this Court to enter judgment in his favor and against Defendant on all claims for relief asserted in this Complaint and Request for Jury Trial, and in addition, for the following relief:

(1)     To enter a judgment in favor of Edinger and against Avenue Grill, finding the acts of the Avenue Grill constitute unlawful intentional disability discrimination in violation of the ADA.

(2)     To award Edinger, the remedies of damages for back pay, restored benefits, actual monetary damages, loss of wages, salary, retirement contributions, all loss of income, and all loss of monetary damages to which he is entitled, pursuant to a willful violation of the ADA.

(3)     To award Edinger compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which he is entitled, pursuant to the ADA.

(4)     To award Edinger punitive damages, pursuant to the ADA.

(5) To award Edinger reinstatement, or in the alternative, front pay, pursuant to the ADA.

(6) To award Edinger attorney fees and costs, pursuant to the ADA.

(7) To award Edinger pre-judgment and post-judgment interest at the appropriate rate provided by law.

(8) To direct the Defendant to take such affirmative relief steps as are necessary to ensure that the effects of the Defendant's unlawful employment practices are eliminated and do not continue to affect Edinger's employment opportunities.

(9) To award Edinger any and all other legal and equitable relief, to which Edinger is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## VII. JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2), and all applicable laws providing for a right to trial by jury, Edinger requests a jury trial of all claims and issues in this action.

Dated: October 19, 2020.

Respectfully submitted,

 Mitchiner Law, LLC

/s/Thomas H. Mitchiner
Mitchiner Law, LLC
1888 N. Sherman St. Suite 200
Denver, CO 80203
Telephone: 720.538.0371
Email: tmitchiner@mitchinerlawllc.com

*Attorneys for Plaintiff Sean Edinger*

11

Plaintiff's Address:
884 N. Ogden St. Apt #13 Denver, CO 80218